# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Ivo Hurvitz,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>Hartford Insurance Company of the Midwest.,<br><br>　　　　　　Defendant(s). | **2:22-cv-00738-JAD-MDC**<br><br>**Order** |

The *Stipulation for Extension of Time* ("Stipulation") (ECF No. 29) is denied. The parties shall appear for an in-person hearing on April 22, 2024, at 10:00am in courtroom 3B on the Stipulation (ECF No. 29). The parties should be prepared to discuss at the Hearing the following topics and queries:

1. The prior scheduling orders provided for a bifurcated discovery into two phases, with Phase I addressing the merits of plaintiff's contract claims and Phase II, if necessary, addressing plaintiffs' damages. Defendant represented that it intended to file a dispositive motion at the end of Phase I, so that Phase II discovery regarding damages would depend on the outcome of the anticipated summary judgment motion. The parties' Stipulation (ECF No. 29) however, substantially changes that without meaningful explanation (while the parties acknowledge elaboration is necessary, they provide no meaningful elaboration). The Stipulation (ECF No. 29) now provides that Phase I discovery concerns "plaintiff's contract claims" and Phase II "plaintiff's extra-contract claims." Damages discovery is not addressed at all.

2. Moreover, it is unclear what the parties mean by "extra-contract claims." Plaintiff only asserted two (2) claims, which are both contract-based claims. One claim is for breach of contract, and the second related claim for breach of the underlying breach of the implied covenant of good faith and fair dealing.

3. The parties' Stipulation (ECF No. 29) makes no showing: (a) why they require an additional one (1) year is to complete discovery on plaintiff's contract-based claims: (b) why two rounds of expert discovery are necessary; (c) what happened to damages discovery; (d) is defendant still intending on filing dispositive motions on liability; (e) why bifurcated discovery is still necessary.

4. This list is not inclusive but addresses some of the concerns the Court has about the parties' Stipulation (ECF No. 29). The parties should be ready to discuss the case and discovery, including discussing remaining discovery to be completed with a reasonable level of precision and detail (*e.g.*, stating the parties need to depose "various fact witnesses and experts" is neither precise nor detailed).

Accordingly,

IT IS ORDERED that the Stipulation (ECF No. 29) is DENIED.

IT IS FURTHER ORDERED that an in-person hearing is set for April 22, 2024, at 10:00am in Courtroom 3B.

IT IS SO ORDERED.

Dated this 26th day of March 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge